JOHN DUKE, Respondent, *v.* CONSOLIDATED GAS COMPANY OF NEW YORK, Appellant.

First Department, May 3, 1935.

*Earl G. Clarke* of counsel [*Chauncey B. Garver* and *H. E. Almberg* with him on the brief; *Shearman & Sterling*, attorneys], for the appellant.

*Ralph O. L. Fay* of counsel [*Edward M. Edenbaum*, attorney], for the respondent.

McAvoy, J. Plaintiff sues to recover damages for personal injuries alleged to have been sustained by him on June 22, 1933, at about six-fifteen A. M.

At the time of the accident plaintiff was driving a Ford truck in a southerly direction on University avenue in the city of New York. He was following closely behind a large Mack truck. Both cars were proceeding at a speed of approximately twenty-five miles per hour. As the Mack truck approached the northerly corner of One Hundred and Seventy-fourth street, it suddenly swerved to the

left upon the car tracks and proceeded ahead. Plaintiff then, for the first time, noticed an excavation which had been made by the defendant, extending from the westerly curb of University avenue out to a point about three feet away from the nearest southerly rail. He then swerved to the left to avoid the excavation and, in so doing, his left front wheel struck a concrete stanchion in the center of the intersection. He makes no claim that his truck at any time came in contact with the excavation.

The theory of plaintiff's claim was that he was confronted with an emergency, due to the failure of defendant to guard, light and watch its excavation in the highway, with the result that he was unaware and unadvised of its existence until he had approached to within so short a distance therefrom that he was unable to stop his car and was necessarily compelled to deviate from his course, and thereby collided with the traffic control stanchion.

It was daylight, since the sun rose at five-twenty-four A. M.

The evidence shows that the dirt which had been excavated was piled practically all around the trench.

It is difficult to understand what additional protection there would have been to plaintiff if a barrier, lights or a watchman had been placed around the opening, since his view was entirely shut off by the truck which preceded him. Had he been driving his truck in a careful and prudent manner, there seems to be no reason why he could not have observed the opening in the street at some distance before reaching it. His difficulty undoubtedly was that he was traveling along at a rapid rate of speed in a position which did not permit him to see the obstruction in the highway in the same manner that the driver of the truck in front did.

We are of the opinion that plaintiff has failed to prove any negligence on the part of the defendant, and that the injuries he received were occasioned solely through his own fault.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., MERRELL and GLENNON, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.